CHONG–WON TAI, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 99 C 355.

United States District Court, N.D. Illinois, Eastern Division.

July 16, 2001.

Tai Chong–Won, Sandstone, MN, Pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BUCKLO, District Judge.

Chong–Won Tai, an inmate in the United States Bureau of Prisons, filed this action against the United States following an accident in which he claims he was injured. At the time, he was in a van owned by the United States being transported from one prison facility to another. The car that hit the van was owned by the United States as well. The accident occurred when the prison van stopped suddenly and was bumped by the trailing car driven by an employee of the United States Bureau of Prisons.

This case is brought under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction is proper pursuant to 28 U.S.C. §§ 1346 and 2671–2680. The United States does not dispute that it is liable for negligence in the accident. It disputes Mr. Tai's claim that he was injured in the accident. Trial was held on May 23, 2001. This opinion constitutes my findings of fact and conclusions of law.

The accident in question occurred on May 29, 1996. The accident occurred in a highway construction area. The van was moving in and out of traffic, closely followed by a car referred to by the government as a "chase" vehicle. When the van, driven by Officer Bret Summerville, braked suddenly, the chase car hit it.

The impact caused the chase vehicle to lock underneath the van. The car could not be driven from the crash scene and a photograph shows that its front suffered substantial damage. The front hood is buckled.[1] The two vehicles had to be separated. The radiator leaked fluid following the accident. Mr. Sutherland stated that the van held 15 passengers. Mr. Sutherland and another officer in the van, James Barton, testified that they felt no impact when the van was hit. They did not explain why they stopped in that case. Mr. Tai, and another inmate whose testimony from his own case (Timothy Ueland) was admitted in evidence, testified that the impact was substantial. Considering the damage to the car, I find the testimony of Mr. Tai more credible on this issue. Mr. Tai and Mr. Ueland both testified that while there were seatbelts in the van, they were not fastened. Mr. Sutherland and Mr. Barton testified to the contrary. I found Mr. Tai's testimony more credible on this issue. Mr. Tai's head hit the left side of the van, and then the front steel grill.

After some period of time, the van with its passengers continued its trip to Chicago where Mr. Tai was taken to the MCC. That night Mr. Tai was taken to Grant Hospital in Chicago where he was diagnosed with a neck sprain and a scalp contusion. Mr. Tai was subsequently transferred to Sandstone Prison in Minnesota where, on June 6, 1996, he was given a cane to use after he complained of continuing neck and back pain.

Mr. Tai says he also suffered an ear injury in and permanent hearing loss from the accident. However, medical records indicate he had a hearing loss prior to the accident. I conclude that he has not satisfied his burden of proof that the accident caused any hearing loss. Mr. Tai also says he has continuing back pain and headaches. Considering the evidence that he has been observed walking normally, and the absence of objective evidence to support his claims, I conclude that any long term damage was not caused by the accident, and that Mr. Tai fully recovered from his injuries caused by the accident.

I conclude, as conceded by the government, that it had a duty to Mr. Tai and that it breached that duty by the negligent driving of its agents, resulting in the accident on May 29, 1996. I also conclude that Mr. Tai suffered injuries in that accident to his head and neck. The injuries were not severe, and were not long lasting. I award Mr. Tai $900.00 in damages.

---

1. Although pursuant to the version of Rule 26 in effect at the time, to which I had opted in, Mr. Tai should have been given a photograph of the damaged car, he was never provided the photograph. Having learned of its existence at trial, I required that it be submitted to me for consideration in this case. If any photographs of the van exist they were not provided Mr. Tai or myself.